**IN THE UNITED STATES COURT**

**OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WALTER ROSALES, JANE DUMAS, SARAH ALDAMAS, VAL MESA, JOE COMACHO, BERNICE MESA, VIVIAN FLORES, MARIE TOGGERY, LESLIE A. MESA, GERALD MESA, ROBERT M. MESA, WILLIAM MESA, and the JAMUL INDIAN VILLAGE, | ) | Case No. 98-860-L<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE THE FOURTH REPORT ON STATUS OF RELATED DISTRICT COURT CASE** |
| Plaintiffs, | ) | Judge Edward J. Damich |
| vs. | ) | |
| UNITED STATES OF AMERICA, DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS, DEPARTMENT OF HEALTH AND HUMAN SERVICES, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and DOES 1-20, | ) | |
| Defendants. | ) | |

On March 19, 2004, the court continued the stay of further proceedings in this case and directed the Plaintiffs to file a report every 120 days on the status of the District Court Case known as Rosales et al. v. United States et al. Case No. 1:03CV01117.

On November 7, 2005, Plaintiffs' counsel received email notice from the Court that the Plaintiffs' Fourth Status Report had not been received on October 31, 2005.

Plaintiffs' counsel had calculated the 120 day due dates for the filing of these status reports by using the 19th of the month, every four months for the due date. Therefore, Plaintiffs'

counsel had calendared the due date for the Fourth Status Report for November 19, 2005, and not October 31, 2005.

Based upon counsel's mistaken and excusable mis-calendaring of the due date for the report, Plaintiffs hereby move the Court for leave to file their FOURTH REPORT ON STATUS OF RELATED DISTRICT COURT CASE, which is lodged herewith.

Dated: November 8, 2005 **WEBB & CAREY**

By: s/Patrick D. Webb

Patrick D. Webb
Attorneys for Plaintiffs
401 B Street Ste 306
San Diego CA 92101
Tel: 619-236-1650
Fax:619-236-1283

**IN THE UNITED STATES COURT**

**OF FEDERAL CLAIMS**

| | |
|---|---|
| WALTER ROSALES, JANE DUMAS, SARAH ALDAMAS, VAL MESA, JOE COMACHO, BERNICE MESA, VIVIAN FLORES, MARIE TOGGERY, LESLIE A. MESA, GERALD MESA, ROBERT M. MESA, WILLIAM MESA, and the JAMUL INDIAN VILLAGE,<br><br>Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS, DEPARTMENT OF HEALTH AND HUMAN SERVICES, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and DOES 1-20,<br><br>Defendants. | Case No. 98-860-L<br><br>**PLAINTIFFS' FOURTH REPORT ON STATUS OF RELATED DISTRICT COURT CASE**<br><br>Judge Edward J. Damich |

On March 19, 2004, the court continued the stay of further proceedings in this case and directed the Plaintiffs to file a report every 120 days on the status of the District Court Case known as Rosales et al. v. United States et al. Case No. 1:03CV01117.

Said District Court Case remains pending before the Hon. Gladys Kessler. Cross-motions for summary judgment have been filed by the Plaintiffs and Defendants, and the final briefing was filed by the Defendants on August 20, 2004.

Per this Court's March 19, 2004 order, Plaintiffs will report the issuance of any non-appealable final decision therein within 30 days thereafter.

Since Plaintiffs' Third Status Report, certain non-members of the Jamul Village have erected two highway billboards in Jamul and issued several press releases to the local newspaper and television media, claiming that there will be "groundbreaking in December" for a 30 story casino and hotel on 4.66 acres of land, known as Parcel No. 597-080-01.

This Parcel is held in trust by the United States for the Plaintiffs, who are "such Jamul Indians of one-half degree or more Indian blood," and were designated by the Secretary of the Interior as trust beneficiaries of this allotment, pursuant to the grant deed recorded in San Diego County on December 27, 1978. The Defendants confirmed in their August 3, 2000 response to the Plaintiffs' Freedom of Information Act (FOIA) request, that the "current trust parcel was accepted into trust in 1978 for Jamul Indians of ½ degree (4.66 acres)," and that there is "no record of the 1978 trust parcel being known as the Jamul Village."

Plaintiffs do not consent to any such groundbreaking. Such a groundbreaking would violate the Plaintiffs' usufructuary property rights in their designated allotment of the Parcel, pursuant to 25 U.S.C. 465 and 25 U.S.C. 345.

Should Defendants permit such a groundbreaking to take place on this Parcel in December, without Plaintiffs' consent, Plaintiffs will become entitled to a preliminary mandatory injunction in this action to prevent the Defendants from failing to protect their usufructuary rights in this trust property for which the Plaintiffs are the designated beneficiaries. See for e.g., Coast Indian Community v. U.S. (Fed. Cl. 1977) 550 F.2d 639; 1 Opinions of the Solicitor of the Department of Interior Relating to Indian Affairs 1917-1974 at 668, 724, 747, and 1479.

Coast Indian Community, supra, held on nearly identical facts, that the parcel in question, "was not acquired for a tribe, leaving only the possibility under the [Indian Reorganization] Act that it was purchased for individual Indians. The deed and proclamation say nothing to contradict this. Thus, the land was taken in trust for the individual Indians." 550 F2.d 639, 651, n. 32.

As noted in United States v. Flournoy Live-Stock & Real-Estate Co. (D. Neb. 1895) 69 F. 886, 894, "[h]aving assumed the duty of securing the use and occupancy of these lands to the Indians, and being charged with the duty of enforcing the provisions of the acts of congress forbidding all alienations of the lands... the government of the United States, through the executive branch thereof, has the right to invoke the aid of the courts, by mandatory injunction and other proper process, to compel parties wrongfully in possession of the lands held in trust by the Untied States for the Indians to yield the possession thereof, and to restrain such parties from endeavoring to obtain or retain the possession of these lands in violation of law."

In the actual event of the publicized "groundbreaking," Plaintiffs will move this Court to lift the stay of this action and preliminarily enjoin the Defendants from failing to protect Plaintiffs' usufructuary rights in this trust property for which they are the designated beneficiaries, pursuant to their claims in the Second through Sixth Causes of Action herein.

Dated: November 8, 2005 **WEBB & CAREY**

By: s/Patrick D. Webb

Patrick D. Webb
Attorneys for Plaintiffs
401 B Street Ste 306
San Diego CA 92101
Tel: 619-236-1650
Fax:619-236-1283

## CERTIFICATE OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States, a resident of the County of San Diego, State of California, over the age of eighteen years, and not a party to the within action; that my business address is 401 B Street, Suite 306, San Diego, California 92101.

On the date entered below, I served the within:

**PLAINTIFFS' FOURTH REPORT ON STATUS OF RELATED DISTRICT COURT CASE and PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH REPORT ON STATUS OF RELATED DISTRICT COURT CASE**

upon the parties interested in said action by placing a true copy thereof, in the United States mail, addressed to the attorney as follows:

Alex Kriegsman, Esq.
Trial Attorney
Natural Resources Section
Environmental and Natural Resources Division
Department of Justice
Post Office Box 663
Washington, D.C. 20044-0663

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 8, 2005, at San Diego, California.

s/Patrick D. Webb
Patrick D. Webb