**IN THE UNITED STATES COURT**

**OF FEDERAL CLAIMS**

| | |
|---|---|
| WALTER ROSALES, JANE DUMAS, SARAH ALDAMAS, VAL MESA, JOE COMACHO, BERNICE MESA, VIVIAN FLORES, MARIE TOGGERY, LESLIE A. MESA, GERALD MESA, ROBERT M. MESA, WILLIAM MESA, and the JAMUL INDIAN VILLAGE,<br><br>Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 98-860-L<br><br>**JOINT STATUS REPORT REQUESTING CONTINUANCE OF THE STAY**<br><br>Judge Edward J. Damich |

For all of the reasons the parties originally agreed that this case should be stayed pending resolution of the administrative appeal of the membership and leadership decisions pending before U.S. District Judge Kessler in Rosales et al. v. United States et al. Case No. 1:03CV01117, the parties continue to agree that the stay should be continued.

By way of background, on March 15, 2000, Judge Diane Gilbert Weinstein (now Sypolt) ordered additional briefing on Defendant's motion to dismiss, and deferred ruling on Defendant's motion to dismiss, pending receipt of the additional briefing. Therein the Court stated:

> The court has determined that this case would benefit from briefing of two jurisdictional (standing) questions[1] not fully developed in the motion to dismiss: (1) Whether any of the individual plaintiffs–Walter Rosales, Jane Dumas, Sarah Aldamas, Val Mesa, Joe Comacho, Bernice Mesa, Vivian Flores, Marie Toggery, Leslie A. Mesa, Gerald Mesa, Robert M. Mesa, and William Mesa–have standing to bring suit in the Court of Federal Claims individually or on behalf of Jamul Indian Village; and (2) Whether plaintiffs' counsel properly has been authorized to represent the Jamul Indian Village.
>
> In addition, the court orders briefing on whether this case should be stayed pending a decision by the Interior Board of Indian Affairs [sic, Appeals] in Rosales v. Pacific Reg'l Dir., BIA (I.B.I.A. pre-docketing notice and order Dec. 7, 1999), which may determine who won the 1999 election. Such a decision may help dispose of the question of who is an authorized agent to sue on behalf of Jamul Indian Village."

In response thereto, on March 29, 2000, the Defendant moved to stay this action pending a final decision by the IBIA, regarding who is a lawful member of the Village, and who are the lawfully elected leaders of the Village. In that motion, Defendant stated:

> In light of the issues raised by Plaintiff before the Interior Board of Indian Appeals (IBIA), submitted to this court on December 6, 1999, as Exhibit C to Plaintiff's Notice of Lodgment and Request for Judicial Notice, Defendant believes that stay of this case pending a decision of the IBIA will resolve issues pertaining to

[1] See Lujan v. Defenders of Wildlife 504 U.S. 555, 560-61 (1992).

> authorized representation of the Jamul Indian Village and the legitimate composition of the Jamul Indian Village.

On or about April 6, 2000, Plaintiffs filed a non-opposition to the Defendant's motion to stay this action, stating:

> Final resolution of the appeals before the IBIA will materially assist this court in the resolution of the claims in this action, particularly concerning the issues of membership in the Jamul Indian Village, and the authority of that membership confers to hire counsel to represent the Village...
>
> In addition, in the alternative that this action is not stayed, the plaintiffs request the opportunity to demonstrate that plaintiffs' counsel has been properly authorized, by vote of the majority of the surviving members of the original 23 to have adopted the Jamul Indian Village constitution, to represent the Jamul Indian Village in this action. See for example, Brown v. United States (8th Cir. 1973) 486 F.2d 658, 661, fn. 2.

On April 19, 2000, Judge Diane Gilbert Weinstein (now Sypolt) stayed this case pending disposition of the IBIA case, and ordered the parties to file a joint status report within 30 days after the conclusion of the IBIA case indicating its effect, if any, on this case and proposing a schedule for further proceedings.

On February 26, 2004, Judge Mary Ellen Coster Williams, for Judge Diane Gilbert Sypolt, having learned that a decision had been entered by the IBIA on March 4, 2003, ordered the parties to file a joint stipulation of dismissal or a schedule for further proceedings. On March 11, 2004, the parties filed a Joint Schedule for Further Proceedings, stating:

...that [the IBIA] decision did not become fully legally effective because it was appealed under the Administrative Procedures Act, 5 U.S.C. §§ 551-559, 702, and 706.

On May 23, 2003, some of the Plaintiffs in this action, WALTER ROSALES, KAREN TOGGERY, and the JAMUL INDIAN VILLAGE, filed a further action for declaratory and injunctive relief, seeking an administrative agency review of the IBIA's March 4, 2003 decision, before the United States District Court for the District of Columbia, and that action is known as Rosales et al. v. United States et al., Case No. 1:03CV01117, and has been assigned to Judge Gladys Kessler. The District Court has set a schedule for briefing of the matter on cross-motions for summary judgment.

Since the IBIA's March 4, 2003 decision has not yet reached finality, the parties to this action hereby agree and respectfully request that this action should be further stayed pending a final non-appealable decision in U.S.D.C. for D.C., Case No. 1:03CV01117, and that the parties shall file a Status Report to this court every 120 days to apprise this Court of the status of the District Court action and any issuance of a final non-appealable decision in that action.

On March 19, 2004, Judge Diane Gilbert Sypolt ordered the stay in this action be continued pending a final non-appealable decision in Rosales et al. v. United States et al. Case No. 1:03CV01117, and "that Plaintiffs file a report on the status of the district court case every 120 days and report issuance of a final non-appealable decision therein within 30 days thereafter."

Said District Court Case remains pending before the Hon. Gladys Kessler. Cross-motions for summary judgment have been filed by the Plaintiffs and Defendant, and the final briefing was filed by the Defendant on August 20, 2004.

**COMPARISON OF PLAINTIFFS' CLAIMS IN DISTRICT COURT WITH PLAINTIFFS' CLAIMS IN THIS COURT OF FEDERAL CLAIMS**

**A. District Court Action**

Rosales et al. v. United States et al. U.S. Dist. Court for the District of Columbia, Case No. 1:03CV01117, is an appeal of the IBIA's decisions concerning who are the recognized lawful members of the Jamul Indian Village, and who are the recognized lawfully elected leaders of the Village, under the Administrative Procedures Act, 5 U.S.C. 551-559, 702 and 706, and the Indian Reorganization Act, 25 U.S.C. 476 et seq.

Plaintiffs therein appeal the following IBIA decisions:

(1) the August 31, 1996, staging of a Secretarial election to amend the Jamul Village constitution, (2500 page Administrative Record filed Case No. 1:03CV01117, AR 1449;

(2) the October 15, 1996, decision of the Deputy Commissioner of Indian Affairs approving the amendment, AR 1450;

(3) the July 29, 1999 decision of the IBIA, affirming the staging of the Secretarial election to amend the constitution at 34 IBIA 50; and

(4) the March 4, 2003 decision of the IBIA, affirming the approval of the amendment of the Village constitution at 39 IBIA 12.

Plaintiffs therein claim that WALTER J. ROSALES, and KAREN TOGGERY, are Indian residents of San Diego County of one-half or more degree of California Indian blood, are

enrolled members and lawfully elected officers of the Plaintiff, JAMUL INDIAN VILLAGE (hereinafter "Village"), and duly authorized to file actions on behalf of the Village.

The Village is a tribal governmental entity of Kumeyaay Indians, recognized by Congress, governed by a Constitution adopted on May 9, 1981, pursuant to the Indian Reorganization Act of 1934, 25 U.S.C. 461 et seq., and located in Jamul, California.

Therein the Plaintiffs also claim that WALTER ROSALES and KAREN TOGGERY were elected Chairperson and Secretary of the tribe by a majority of the lawfully admitted members of the Village in the elections of 1997, 1999, and 2001, pursuant to the original Village constitution. See, Declarations under penalty of perjury of the majority of 7 of the then surviving 11 registered and qualified voters of the Village. AR 330-360; AR 1061-63; AR 080-81. The BIA has steadfastly refused to follow the IBIA's April 22, 1998 mandate, 32 IBIA 158, and refused to recognize the evidence submitted by this true "majority" of the survivors of the original 23 registered and qualified members to vote for the Village Constitution, which lawfully elected WALTER ROSALES, Chairperson, and KAREN TOGGERY, Secretary, in 1997, 1999, and 2001.

Plaintiffs also claim that the BIA has assisted the opposing tribal faction to paper over an infiltration and take-over of the Village with an amendment in violation of the original Village constitution. Moreover, the BIA has purposefully failed to recognize the true number of registered and qualified voters for any Secretarial election, so that a decided minority of the then surviving 15 registered voters of the original 23 to vote for the constitution, could lower the blood quantum for membership, swell the ranks of voters, and prevent the Plaintiffs from being recognized as the lawfully elected officials of the tribe.

Plaintiffs further contend that the Administrative Record establishes that a majority of the then surviving 15 registered and qualified voters did not "request," nor "vote for," the purported Secretarial election staged in 1996 to dilute the blood quantum and artificially swell the membership of the Village. Compare, AR 1444, AR 1707, AR 2314-17, and 34 IBIA 51. Plaintiffs contend that since the original Jamul constitution has not been lawfully amended, and since 25 individuals who were not lawful members of the village under the original constitution were permitted to vote in the opposing faction's subsequent "elections" in 1997, 1999, and 2001, these "elections" cannot be recognized as lawful. Compare the 15 survivors of the original 23 registered voters with the 40 permitted to vote in the opposing factions elections of 1997, 1999, and 2001. AR 1444, AR 2314-17, AR1750. At a minimum, the Plaintiffs contend that the results of the elections of the true majority of the survivors of the original 23 registered and qualified voters (and not a mere minority of 7 of 15) must be recognized. AR 330-360; AR 1061-63; AR 080-81.

Furthermore, plaintiffs contend that the true majority must be permitted adequate notice and the right to vote on all further membership and leadership decisions, including any further attempt to amend the Village constitution to change the blood-quantum requirements for membership in the tribe. To date, the true majority has been denied both notice and the right to vote, by those that the BIA allowed to stage the unlawful elections of 1997, 1999, and 2001.

Plaintiffs allege in the District Court action that the government acted arbitrarily, capriciously and not in accordance with the law, for the following reasons:

A. The BIA exceeded its authority in staging an August 31, 1996 Secretarial election to amend the Village constitution to lower the blood quantum required for lawful membership,

while membership issues remained on administrative appeal.

B. The BIA staged the Secretarial election in Violation of 25 U.S.C. 476(c)(1) and 25 C.F.R. 81.5(d) of the Indian Reorganization Act and Art. XVI, Sec. 2 of the Village constitution.

C. The BIA staged the Secretarial Election in violation of the 90 days allowed in 25 U.S.C. 476(c)(1)(B) of the Indian Reorganization Act.

D. The BIA staged the Secretarial election in violation of 25 C.F.R. 81.6(d), 81.11, and the National Voter Registration Act, 42 U.S.C. 1973gg-6.

E. The BIA approved the Secretarial election in violation of 25 C.F.R. 81.5 and the 51% Minimum Participation quorum requirement of Article XVI of the Village constitution.

F. The BIA approved the Secretarial election in violation of 25 C.F.R. 81.5 and the Majority Vote requirement of Article XVI of the Village constitution.

G. The BIA further violated the Indian Reorganization Act and the Administrative Procedure Act by refusing to recognize the evidence of the lawful election of Rosales and Toggery, and that Plaintiffs' claims therefore were not mooted by subsequent unlawful elections by the opposing faction.

H. The BIA violated the Indian Reorganization Act and the Administrative Procedure Act by failing to comply with the IBIA's April 28, 1998 remand order, 32 IBIA 168.

**B. Court of Federal Claims**

Plaintiffs variously claim in this action that: WALTER ROSALES, JANE DUMAS, SARAH ALDAMAS, VAL MESA, JOE COMACHO, BERNICE MESA, VIVIAN FLORES, MARIE TOGGERY, LESLIE A. MESA, GERALD MESA, ROBERT M. MESA, and WILLIAM MESA (hereinafter INDIVIDUAL PLAINTIFFS) are Indian residents of San Diego

County, and along with Judge Karen Toggery, constitute a majority of the lawfully enrolled members of the JAMUL INDIAN VILLAGE. They also claim that the JAMUL INDIAN VILLAGE (hereinafter JAMUL) is a tribal governmental entity of Kumeyaay Indians governed by a Constitution adopted pursuant to the Indian Reorganization Act of 1934, 25 U.S.C. 461 et seq., and that WALTER ROSALES and KAREN TOGGERY, are lawfully elected leaders of the VILLAGE, and authorized to file this action on behalf of the VILLAGE.

The Plaintiffs allege causes of action for breach of contract, breach of fiduciary duty, breach of trust, interference with contract and economic advantage, violation of various Indian development statutes, taking, accounting, violation of civil rights, and declaratory relief, which are more particularly set forth in their Second Amended Complaint, filed on or about March 12, 1999.

Plaintiffs alleged jurisdiction predominantly under the Tucker Acts, 28 U.S.C. 1346(a)(2), 1491, and 1505, the Contract Disputes Act, 41 U.S.C. 601, the Indian Self-Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. 450 et seq., the Civil Rights Acts, 42 U.S.C. 1981, 1982, the U.S. "Governmental Trust Relationship" with Indian citizens, federal common law, and the right to incidental equitable relief under the doctrines enunciated in Nat'l Farmers Union Ins. Co. v. Crow Tribe, 471 U.S. 845 (1985) and Oklahoma Tax Comm'n v. Potawatomi Indian Tribe, 498 U.S. 505 (1991), the plenary power of the United States to determine relations with domestic dependent foreign nations, including Indian tribes and Indian sovereignty, the JAMUL INDIAN VILLAGE Constitution and ordinances, the U.S. Constitution. Jurisdiction is also alleged pursuant to 28 U.S.C. 1331, federal question, 28 U.S.C. 1339 and 18 U.S.C. 1708, postal claims, 28 U.S.C. 1343, civil rights and elective franchise, 28 U.S.C. 1346, claims against

U.S. Defendant, 28 U.S.C. 1361 compel U.S. Defendant to perform duty, 28 U.S.C. 1362, claims by Indian tribes, 18 U.S.C. 1163, Title 25 of the U.S.C., including the Indian Reorganization Act of 1934, 25 U.S.C. 461 et seq., the Snyder Act, 25 U.S.C. 13, the Indian Civil Rights Act of 1968, 25 U.S.C. 1301 et seq., the National Environmental Policy Act, 42 U.S.C. 4321-61, the National Historic Preservation Act, 16 U.S.C. 470, the National Housing Act, 12 U.S.C. 1702, the Indian Gaming Regulatory Act of 1988, 25 U.S.C. 2701-2721, the Indian Tribal Justice Act, 25 U.S.C. 3601 et seq., and pendent and supplementary jurisdiction over claims that could have been brought in California state court and the USDC for the So. Dist. of California pursuant to 28 U.S.C. 1360(a).

Among the above-described claims, Plaintiffs also contend in this action, that Parcel No. 597-080-01, as recorded in San Diego County, California, is held in trust by the United States for the Plaintiffs, who are "such Jamul Indians of one-half degree or more Indian blood," and were designated by the Secretary of the Interior as trust beneficiaries of this allotment, pursuant to the grant deed recorded in San Diego County on December 27, 1978. Coast Indian Community v. U.S. (Fed. Cl. 1977) 550 F.2d 639; 1 Opinions of the Solicitor of the Department of Interior Relating to Indian Affairs 1917-1974 at 668, 724, 747, and 1479.

Plaintiffs further contend that certain non-members of the Village are presently threatening not to maintain the status quo with respect to Parcel No. 597-080-01, and that not to maintain the status quo would violate the Plaintiffs' usufructuary property rights in their designated allotment of the Parcel, pursuant to 25 U.S.C. 465 and 25 U.S.C. 345.

The Defendant'ss August 3, 2000 response to the Plaintiffs' Freedom of Information Act (FOIA) request, states that the "current trust parcel was accepted into trust in 1978 for Jamul

Indians of ½ degree (4.66 acres)," and that there is "no record of the 1978 trust parcel being known as the Jamul Village." Coast Indian Community, supra, held on nearly identical facts, that the parcel in question, "was not acquired for a tribe, leaving only the possibility under the [Indian Reorganization] Act that it was purchased for individual Indians. The deed and proclamation say nothing to contradict this. Thus, the land was taken in trust for the individual Indians." 550 F2.d 639, 651, n. 32.

Plaintiffs therefore submit that just as Judge Diane Gilbert Sypolt originally found on March 15, 2000, there is good cause to continue the stay of this action, in light of the fact that a final non-appealable decision in the District Court action "may determine who won" the elections, who has individual standing to bring suit in this action, and "may help dispose of the question of who is an authorized agent to sue on behalf of Jamul Indian Village."

**DEFENDANT'S POSITION**

In the District Court case, Defendant has moved for summary judgment dismissing Plaintiffs' claims and affirming the challenged decisions of the Interior Board of Indian Appeals (IBIA). Defendant has asserted jurisdictional and *res judicata* arguments in the district court and has also asserted that the IBIA decisions at issue are not arbitrary and capricious and should, therefore, not be overruled.

In the present case, Defendant has moved to dismiss the Second Amended Complaint ("SAC") asserting that (i) The SAC is based on a tribal membership dispute beyond the jurisdiction of this Court, (ii) the SAC fails to assert an actionable case under the Tucker Act, (iii) at least some of the Plaintiffs are barred from pursuing their claims under *res judicata*, and (iv) Plaintiffs are not the proper party to bring suit on behalf of the Jamul Indian Village.

Defendant agrees that the present action should be stayed pending resolution of the District Court case. The resolution of the case in the District Court will resolve issues pertaining to authorized representation of the Jamul Indian Village and the legitimate composition of the Jamul Indian Village.

**IF THE STAY IS NOT CONTINUED**

The parties submit that if the stay of this action is not continued, the briefing concerning Defendant's motion to dismiss would continue as contemplated in Judge Diane Gilbert Sypolt's March 15, 2000 order.

Plaintiffs hereby reserve the right to move to lift the continuation of the stay, should circumstances materially change following this joint status report, particularly if those that threaten maintaining the status quo with regard to Parcel 597-080-01 take action to violate the Plaintiffs' usufructuary property rights in their designated allotment of the Parcel, pursuant to 25 U.S.C. 465 and 25 U.S.C. 345.

//

//

//

//

//

//

//

//

Dated: March 10, 2006

**WEBB & CAREY**

By: s/Patrick D. Webb
Patrick D. Webb
Attorneys for Plaintiffs
401 B Street Ste 306
San Diego CA 92101
Tel: 619-236-1650
Fax:619-236-1283

Dated: March 10, 2006

**SUE ELLEN WOOLDRIDGE**
Assistant Attorney General

By: s/Alex Kriegsman
Alex Kriegsman
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
Post Office Box 663
Washington, D.C. 20044-00663
Tel: 202-305-3022
Fax:202-353-0506