**IN THE UNITED STATES COURT**

**OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WALTER ROSALES, JANE DUMAS, SARAH ALDAMAS, VAL MESA, JOE COMACHO, BERNICE MESA, VIVIAN FLORES, MARIE TOGGERY, LESLIE A. MESA, GERALD MESA, ROBERT M. MESA, WILLIAM MESA, and the JAMUL INDIAN VILLAGE, | ) | Case No. 98-860-L<br><br>**PLAINTIFFS' SIXTH REPORT ON STATUS OF RELATED DISTRICT COURT CASE and REQUEST THAT STAY BE CONTINUED** |
| Plaintiffs, | ) | Judge Edward J. Damich |
| vs. | ) | |
| UNITED STATES OF AMERICA, DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS, DEPARTMENT OF HEALTH AND HUMAN SERVICES, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and DOES 1-20, | ) | |
| Defendants. | ) | |

On April 19, 2000, Judge Diane Gilbert Weinstein (now Sypolt) originally stayed this case pending disposition of certain administrative appeals, concerning who are the lawful members of the Jamul Indian Village, and who are the lawfully elected leaders of the Village, which were then pending before the Interior Board of Indian Appeals, and which are now pending before U.S. District Judge Kessler in Rosales et al. v. United States et al. Case No. 1:03CV01117.

On March 19, 2004, this court continued the stay of further proceedings in this case and directed the Plaintiffs to file a report every 120 days on the status of the District Court Case known as Rosales et al. v. United States et al. Case No. 1:03CV01117.

Said District Court Case remains pending before the Hon. Gladys Kessler. Cross-motions for summary judgment have been filed by the Plaintiffs and Defendants, and the final briefing was filed by the Defendants on August 20, 2004.

Per this Court's March 19, 2004 order, Plaintiffs will report the issuance of any non-appealable final decision therein within 30 days thereafter.

On February 1, 2006 this court ordered the parties to file a joint status report, in light of the fact that the case had been stayed for a significant period of time. On March 10, 2006, the parties filed a Joint Status Report Requesting Continuance of the Stay, as ordered, outlining: (1) why the stay should be continued, (2) why issues pending in this case would be affected by resolution of Rosales et al. v. United States et al. Case No. 1:03CV01117, and (3) a comparison of the differences between the claims raised by all parties in each case.

On July 7, 2006 Plaintiffs filed their fifth report on the unchanged status of the District Court Case known as Rosales et al. v. United States et al. Case No. 1:03CV01117.

Since the Plaintiffs filed their July 7, 2006 Status Report Requesting Continuance of the Stay, the Plaintiffs have been informed that certain non-members of the Jamul Indian Village have now mailed a further purported Tribal Environmental Impact Statement/Report for the Jamul Indian Village Casino Project to the residents of Jamul, California, the County of San Diego, and the State of California.

This document, like those before it, was mailed without proper authorization of the lawfully elected leaders of the Village. Therein, a 500,000 square foot hotel, and a 205,000 square foot casino, parking garage, fire station, tribal center, human resources facility, a wastewater treatment plan and detention basin are proposed to be constructed on “the existing Village site,” including Parcel No. 597-080-01, as recorded in San Diego County, California, at File/Page No. 78-554597, and erroneously identified on Figure 1-2 of the TEIR.

As noted in Plaintiff’s Fourth Status Report, Parcel No. 597-080-01 is held in trust by the United States for the Plaintiffs, who are “such Jamul Indians of one-half degree or more Indian blood,” and were designated by the Secretary of the Interior as trust beneficiaries of this allotment, pursuant to the grant deed recorded in San Diego County on December 27, 1978. Exhibit B thereto; Coast Indian Community v. U.S. (Fed. Cl. 1977) 550 F.2d 639; 1 Opinions of the Solicitor of the Department of Interior Relating to Indian Affairs 1917-1974 at 668, 724, 747, and 1479.

The Defendants confirmed in their August 3, 2000 response to the Plaintiffs’ Freedom of Information Act (FOIA) request, that the “current trust parcel was accepted into trust in 1978 for Jamul Indians of ½ degree (4.66 acres),” and that there is “no record of the 1978 trust parcel being known as the Jamul Village.” Exhibit C to Plaintiff’s Fourth Status Report.

Coast Indian Community, supra, held on nearly identical facts, that the parcel in question, “was not acquired for a tribe, leaving only the possibility under the [Indian Reorganization] Act that it was purchased for individual Indians. The deed and proclamation say nothing to contradict this. Thus, the land was taken in trust for the individual Indians.” 550 F2.d 639, 651, n. 32. This is also consistent with Governor Arnold Schwarzenegger’s Legal Affairs Secretary’s December

20, 2005 letter to the Jamul Indian Village. Exhibit D to the Fourth Status Report.

Plaintiffs do not consent to the proposed use of Parcel 597-080-01, outlined in the purported TEIR. Such a use would violate the Plaintiffs' usufructuary property rights in their designated allotment of the Parcel, under 25 U.S.C. 465 and 25 U.S.C. 345, and would forcibly evict them from their homes. Should Defendants permit such a use of this Parcel, without Plaintiffs' consent, Plaintiffs will become entitled to a preliminary mandatory injunction in this action to prevent the Defendants from failing to protect their usufructuary rights in this trust property for which the Plaintiffs are the designated beneficiaries, as held in Coast Indian Community v. U.S. (Fed. Cl. 1977) 550 F.2d 639, and as proscribed by the Defendants in 1 Opinions of the Solicitor of the Department of Interior Relating to Indian Affairs 1917-1974 at 668, 724, 747, and 1479.

As noted in United States v. Flournoy Live-Stock & Real-Estate Co. (D. Neb. 1895) 69 F. 886, 894, "[h]aving assumed the duty of securing the use and occupancy of these lands to the Indians, and being charged with the duty of enforcing the provisions of the acts of congress forbidding all alienations of the lands... the government of the United States, through the executive branch thereof, has the right to invoke the aid of the courts, by mandatory injunction and other proper process, to compel parties wrongfully in possession of the lands held in trust by the Untied States for the Indians to yield the possession thereof, and to restrain such parties from endeavoring to obtain or retain the possession of these lands in violation of law."

Plaintiffs therefore continue to submit that, just as Judge Diane Gilbert Sypolt originally found on March 15, 2000, there is good cause to continue the stay of this action, in light of the fact that a final non-appealable decision in the District Court action "may determine who won"

the elections, who has individual standing to bring suit in this action, and "may help dispose of the question of who is an authorized agent to sue on behalf of Jamul Indian Village."

However, Plaintiffs hereby also continue to reserve the right to move to lift the continuation of the stay, should circumstances materially change following this status report, particularly if those that threaten maintaining the status quo with regard to Parcel 597-080-01 take action to violate the Plaintiffs' usufructuary property rights in their designated allotment of the Parcel, pursuant to 25 U.S.C. 465 and 25 U.S.C. 345.

In the actual event that any of the proposed uses, identified in Exhibit A, are attempted on Parcel 597-080-01, Plaintiffs will move this Court to lift the stay of this action and preliminarily enjoin the Defendants from failing to protect Plaintiffs' usufructuary rights in this trust property for which they are the designated beneficiaries, pursuant to their claims in the Second through Sixth Causes of Action herein.

Dated: December 21, 2006 **WEBB & CAREY**

By: s/Patrick D. Webb

Patrick D. Webb
Attorneys for Plaintiffs
401 B Street Ste 306
San Diego CA 92101
Tel: 619-236-1650
Fax:619-236-1283

**CERTIFICATE OF SERVICE**

I, the undersigned, declare:

I am a citizen of the United States, a resident of the County of San Diego, State of California, over the age of eighteen years, and not a party to the within action; that my business address is 401 B Street, Suite 306, San Diego, California 92101.

On the date entered below, I served the within:

**PLAINTIFFS' SIXTH REPORT ON STATUS OF RELATED DISTRICT COURT CASE**

upon the parties interested in said action by placing a true copy thereof, in the United States mail and by email, addressed to the attorney as follows:

Alex Kriegsman, Esq.
Trial Attorney
Natural Resources Section
Environmental and Natural Resources Division
Department of Justice
Post Office Box 663
Washington, D.C. 20044-0663
Alex.Kriegsman@usdoj.gov

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 21, 2006, at San Diego, California.

s/Patrick D. Webb
Patrick D. Webb