**IN THE UNITED STATES COURT**

**OF FEDERAL CLAIMS**

| | |
|---|---|
| WALTER ROSALES, JANE DUMAS, SARAH ALDAMAS, VAL MESA, JOE COMACHO, BERNICE MESA, VIVIAN FLORES, MARIE TOGGERY, LESLIE A. MESA, GERALD MESA, ROBERT M. MESA, WILLIAM MESA, and the JAMUL INDIAN VILLAGE,<br><br>Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS, DEPARTMENT OF HEALTH AND HUMAN SERVICES, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and DOES 1-20,<br><br>Defendants. | Case No. 98-860-L<br><br>**PLAINTIFFS' SEVENTH REPORT ON STATUS OF RELATED DISTRICT COURT CASE and REQUEST THAT STAY BE CONTINUED**<br><br>Judge Edward J. Damich |

On April 19, 2000, Judge Diane Gilbert Weinstein (now Sypolt) originally stayed this case pending disposition of certain administrative appeals, concerning who are the lawful members of the Jamul Indian Village, and who are the lawfully elected leaders of the Village, which were then pending before the Interior Board of Indian Appeals, and which are now pending before U.S. District Judge Kessler in Rosales et al. v. United States et al. Case No. 1:03CV01117.

On March 19, 2004, this court continued the stay of further proceedings in this case and directed the Plaintiffs to file a report every 120 days on the status of the District Court Case known as Rosales et al. v. United States et al. Case No. 1:03CV01117.

Said District Court Case remains pending before the Hon. Gladys Kessler. On March 8, 2007, Judge Kessler granted the Defendants' Cross-motion for summary judgment and denied the Plaintiffs Cross-motion for summary judgment. Because the United States is a Defendant, Judge Kessler's summary judgment order has not yet become a final non-appealable decision. Plaintiffs will file a notice of appeal of Judge Kessler's summary judgment order on or before May 7, 2007.

Per this Court's March 19, 2004 order, Plaintiffs will report the issuance of any non-appealable final decision in the District Court action within 30 days thereafter.

On February 1, 2006 this court ordered the parties to file a joint status report, in light of the fact that the case had been stayed for a significant period of time. On March 10, 2006, the parties filed a Joint Status Report Requesting Continuance of the Stay, as ordered, outlining: (1) why the stay should be continued, (2) why issues pending in this case would be affected by resolution of Rosales et al. v. United States et al. Case No. 1:03CV01117, and (3) a comparison of the differences between the claims raised by all parties in each case.

Those without proper authorization of the lawfully elected leaders of the Village continue to threaten to build a 500,000 square foot hotel, and a 205,000 square foot casino, parking garage, fire station, human resources facility, a wastewater treatment plan and detention basin on "the existing Village site," including Parcel No. 597-080-01, now known as 597-080-04, as recorded in San Diego County, California.

As noted in Plaintiff's Fourth Status Report, Parcel No. 597-080-01, now known as 597-080-04, is held in trust by the United States for the Plaintiffs, who are "such Jamul Indians of one-half degree or more Indian blood," and were designated by the Secretary of the Interior as beneficial owners of this trust land, pursuant to the grant deed recorded in San Diego County on December 27, 1978. Exhibit B thereto; Coast Indian Community v. U.S. (Fed. Cl. 1977) 550 F.2d 639; 1 Opinions of the Solicitor of the Department of Interior Relating to Indian Affairs 1917-1974 at 668, 724, 747, and 1479.

The Defendants confirmed in their August 3, 2000 response to the Plaintiffs' Freedom of Information Act (FOIA) request, that the "current trust parcel was accepted into trust in 1978 for Jamul Indians of ½ degree (4.66 acres)," and that there is "no record of the 1978 trust parcel being known as the Jamul Village." Exhibit C to Plaintiff's Fourth Status Report.

Coast Indian Community, supra, held on nearly identical facts, that the parcel in question, "was not acquired for a tribe, leaving only the possibility under the [Indian Reorganization] Act that it was purchased for individual Indians. The deed and proclamation say nothing to contradict this. Thus, the land was taken in trust for the individual Indians." 550 F2.d 639, 651, n. 32. This is also consistent with Governor Arnold Schwarzenegger's Legal Affairs Secretary's December 20, 2005 letter to the Jamul Indian Village. Exhibit D to the Fourth Status Report.

Plaintiffs do not consent to the above-described proposed use of Parcel 597-080-01, now known as 597-080-04. Such a use would violate the Plaintiffs' usufructuary property rights as the beneficial owners of the Parcel, under 25 U.S.C. 465. Should Defendants permit such a use of this Parcel, without Plaintiffs' consent, Plaintiffs will become entitled to a preliminary injunction in a District Court action to prevent the Defendants from failing to protect their

usufructuary rights in this trust property for which the Plaintiffs are the designated beneficiaries, as held in Coast Indian Community v. U.S. (Fed. Cl. 1977) 550 F.2d 639, and as proscribed by the Defendants in 1 Opinions of the Solicitor of the Department of Interior Relating to Indian Affairs 1917-1974 at 668, 724, 747, and 1479.

As noted in United States v. Flournoy Live-Stock & Real-Estate Co. (D. Neb. 1895) 69 F. 886, 894, "[h]aving assumed the duty of securing the use and occupancy of these lands to the Indians, and being charged with the duty of enforcing the provisions of the acts of congress forbidding all alienations of the lands... the government of the United States, through the executive branch thereof, has the right to invoke the aid of the courts, by mandatory injunction and other proper process, to compel parties wrongfully in possession of the lands held in trust by the Untied States for the Indians to yield the possession thereof, and to restrain such parties from endeavoring to obtain or retain the possession of these lands in violation of law."

Plaintiffs therefore continue to submit that, just as Judge Diane Gilbert Sypolt originally found on March 15, 2000, there is good cause to continue the stay of this action, in light of the fact that a final non-appealable decision in the District Court action "may determine who won" the elections, who has individual standing to bring suit in this action, and "may help dispose of the question of who is an authorized agent to sue on behalf of Jamul Indian Village."

Dated: April 20, 2007

**WEBB & CAREY**

By: s/Patrick D. Webb

Patrick D. Webb
Attorneys for Plaintiffs
401 B Street Ste 306
San Diego CA 92101
Tel: 619-236-1650
Fax:619-236-1283

**CERTIFICATE OF SERVICE**

I, the undersigned, declare:

I am a citizen of the United States, a resident of the County of San Diego, State of California, over the age of eighteen years, and not a party to the within action; that my business address is 401 B Street, Suite 306, San Diego, California 92101.

On the date entered below, I served the within:

**PLAINTIFFS' SEVENTH REPORT ON STATUS OF RELATED DISTRICT COURT CASE** upon the parties interested in said action by placing a true copy thereof, in the ECF email system, addressed to the attorney as follows:

Alex Kriegsman, Esq.
Trial Attorney
Natural Resources Section
Environmental and Natural Resources Division
Department of Justice
Post Office Box 663
Washington, D.C. 20044-0663
Alex.Kriegsman@usdoj.gov

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 20, 2007, at San Diego, California.

s/Patrick D. Webb
Patrick D. Webb