**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WALTER J. ROSALES, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>Defendants. | ) | **CASE NUMBER:** 98 -860-L<br><br>Judge Edward J. Damich<br><br>**NOTICE OF DIRECTLY RELATED CASE, OR IN THE ALTERNATIVE, OF INDIRECTLY RELATED CASE** |

Pursuant to Rule 40.2(a), Rules of the United States Court of Federal Claims, Defendants file a notice of a directly related case. In the alternative, pursuant to Rule 40.2(b), Rules of the United States Court of Federal Claims, Defendants file a notice of an indirectly related case. This action is directly related to another action recently filed in the United States Court of Federal Claims. *See Rosales, et al. v. United States of America, et al.*, No. 08-512 L (Judge Lawrence J. Block) ("*Rosales II*"). The plaintiffs in both cases are represented by the same attorney, Patrick D. Webb. The Government is represented by Samantha Klein in both cases.

*Rosales II* and the current litigation are directly related cases, as defined under Rule 40.2(a), as they involve many of the same parties, are based on similar claims and involve the same property. Alternatively, *Rosales II* and the current litigation are indirectly related cases, as defined under Rule 40.2(b), as they present common issues of fact and transfer of *Rosales II* would significantly promote the efficient administration of justice.

In this case, Plaintiffs have brought suit against the United States alleging, *inter alia*, breach of fiduciary duty, breach of trust, and takings. *See* Second Amended Complaint, Doc. 15

(May 11, 1999). On April 19, 2000, this Court issued an order granting Defendants' motion to stay this case.[1/] Since then, the parties have periodically filed status and joint status reports at the direction of the Court. Plaintiffs have stated in several of those status reports that they had become aware of a purported groundbreaking on a parcel of land they allege is held in trust by the United States on their behalf, and that such groundbreaking would entitle them to a preliminary mandatory injunction to prevent the United States from failing to protect Plaintiffs' "usufructuary rights in this trust property for which the Plaintiffs are the designated beneficiaries." *See, e.g.*, Doc. 59 at 2-3, Doc. 64 at 2-5, Doc. 65 at 2-6, Doc. 67 at 2-4; *see also* Doc. 63 at 10-11. In particular, in the March 10, 2006 Joint Status Report Requesting Continuance of the Stay, Plaintiffs state that their claim of ownership is "among" the claims alleged in this action. *See* Doc. 63 at 9-10.

The ownership of this parcel of land is directly at issue in *Rosales II*. In *Rosales II*, the plaintiffs are claiming a breach of fiduciary duty and general trust responsibility, as well as a taking on the basis of their alleged beneficial ownership of this parcel of land. *See Rosales II*, Petition and Complaint, Doc. 1. Specifically, the plaintiffs allege that because the United States has failed to enforce their deed and their alleged beneficial ownership in the land, failed to prevent their eviction from the land and failed to prevent grading and construction activities on the land by others, the United States has breached its fiduciary duty and general trust responsibility and has engaged in a taking of the property. The plaintiffs request money

---

[1/] This case remains stayed pending the outcome of an appeal to the U.S. Court of Appeals for the District of Columbia Circuit in *Rosales, et al. v. United States, et al.*, No. 07-5140 (D.C. Cir.), which is another related case. *See* Doc. 69. Most recently, on July 3, 2008, the plaintiffs-appellants in that case filed a Motion for Leave to File Petition for Rehearing En Banc and a Petition for Rehearing En Banc in the U.S. Court of Appeals for the District of Columbia.

damages, as well as injunctive relief. *See id.*

As both of these cases concern many of the same parties and similar claims regarding the same parcel of land, as well as common issues of fact, assignment of both cases to a single judge is likely to conserve judicial resources and promote an efficient determination of both these actions. Defendants have already filed a motion to dismiss in this case. *See* Doc. 31. Defendants in *Rosales II* plan to file dispositive motions in that case. However, in the event that discovery would be necessary, a coordinated discovery schedule would significantly promote the efficient administration of justice.

Dated this 12th day of August, 2008.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

By: s/ Samantha Klein__________

SAMANTHA KLEIN
Trial Attorney
United States Department of Justice
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0474
Facsimile: (202) 305-0506
samantha.klein@usdoj.gov