**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WALTER J. ROSALES, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>Defendants. | **CASE NUMBER:** 98 -860-L<br><br>**JOINT STATUS REPORT**<br><br>Judge Edward J. Damich |

On April 19, 2000, Judge Diane Gilbert Weinstein (now Sypolt) originally stayed this case pending disposition of certain administrative appeals, concerning who are the lawful members of the Jamul Indian Village, and who are the lawfully elected leaders of the Village, which were then pending before the Interior Board of Indian Appeals, and later pending before U.S. District Judge Kessler in *Rosales v. United States*, No. 03 Civ 1117 (D.D.C.), and now pending before the U. S. Court of Appeals for the District of Columbia Circuit in *Rosales v. United States*, Case No. 07-5140 (D.C. Cir.). *See* Doc. 39. On March 19, 2004, this Court continued the stay of further proceedings in this case and directed the Plaintiffs to file a report every 120 days on the status of the case and report the issuance of a final non-appealable decision within 30 days thereafter. Doc. 43.

On February 1, 2006, this Court ordered the parties to file a joint status report, in light of the fact that the case had been stayed for a significant period of time. Doc. 60. On March 10, 2006, the parties filed a Joint Status Report Requesting Continuance of the Stay, as ordered, outlining: (1) why the stay should be continued; (2) why issues pending in this case would be

affected by resolution of the *Rosales v. United States* case, then pending before Judge Kessler; and (3) a comparison of the differences between the claims raised by all parties in each case. Doc. 63.

Pursuant to this Court's Order dated May 21, 2007 (Doc. 69), the parties filed two Joint Status Reports regarding the status of Plaintiffs' May 4, 2007 appeal of the district court's March 8, 2007 decision, *Rosales v. United States*, 477 F. Supp. 2d 119 (D.D.C. 2007), denying Plaintiffs' motion for summary judgment and granting Defendants' cross-motion for summary judgment. *See* Doc. 70, 71.

On March 27, 2008, the U.S. Court of Appeals for the D.C. Circuit affirmed the District Court's grant of summary judgment in favor of the government in *Rosales v. United States*, 477 F. Supp. 2d 119 (D.D.C. 2007), in an unpublished disposition. *See* 275 Fed. Appx. 1 (D.C. Cir. 2008). The Clerk was directed to withhold issuance of the mandate therein, until seven days after resolution of any timely petition for rehearing, pursuant to Fed. R. App. P. 41(b) and D.C. Cir. R. 41. *Id.*

On May 9, 2008, Plaintiffs filed a petition for panel rehearing before the U.S. Court of Appeals for the D.C. Circuit, which was denied on May 21, 2008. On July 3, 2008, Plaintiffs filed a motion for leave to file a petition and a petition for rehearing *en banc*, which remains pending before the U.S. Court of Appeals for the D.C. Circuit.

If rehearing *en banc* is granted, the parties continue to submit that, just as Judge Diane Gilbert Sypolt originally found, there is good cause to continue the stay of this action, in light of the fact that a final non-appealable decision in the action, now before the D.C. Circuit, "may determine who won" the elections, who has individual standing to bring suit in this action, and

"may help dispose of the question of who is an authorized agent to sue on behalf of Jamul Indian Village." *See* Doc. 36, 43. If rehearing *en banc* is not granted, the stay of this action will have run its expected course, and should be lifted.

**Plaintiffs' Position**

However, given the fact that Judge Kessler's grant of summary judgment in *Rosales v. United States*, 477 F. Supp. 2d 119 (D.D.C. 2007), was affirmed, it merely determined that Plaintiffs could not pursue their administrative procedure act claims because they had not registered to vote in the federally staged 1996 Secretarial Election. Judge Kessler's ruling did not finally determine who the government must recognize as a lawful member of the tribe, "who won" the elections, who has individual standing to bring suit in this action, and therefore has not yet helped "dispose of the question of who is an authorized agent to sue on behalf of Jamul Indian Village," in this action. Most importantly, from Plaintiffs' perspective their non-administrative procedure act claims that the Indian Reorganization Act was directly violated by the illegal staging of the 1996 Secretarial Election have yet to be decided, which also remain for decision in this action.

In the meantime, Plaintiffs have filed a second action in this court, Case No. 08-512 B, which has been assigned to Judge Lawrence J. Block. The government has moved to transfer this second action to Judge Edward J. Damich, and Plaintiffs do not oppose such transfer. However, the actions should not be consolidated, since they involve distinctly different parcels of real property, and the second complaint arises from events that took place eight years after the original complaint was filed in this court.

This first action involves the Plaintiffs' claims concerning approximately 1.5 acres,

known as parcel 597-080-05, which was deeded to the United States in trust explicitly for the Jamul Indian Village in 1983 by the Catholic Diocese, after the Tribe had been recognized by the government. The second action involves distinctly non-tribal property, approximately 4.5 acres, known as parcel 597-080-04. As set forth in the second complaint, parcel 597-080-04 was deeded to the Untied States in trust for the individual Plaintiffs, and other half-blood Jamul Indians as designated by the Secretary of Interior, in 1978 before any tribe of Jamul Indians was ever recognized by the United States.

**Defendants' Position**

Judge Kessler's district court decision first determined that the plaintiffs in that case had standing to challenge all three of the Interior Board of Indian Appeals (IBIA) decisions that were appealed. 477 F. Supp. 2d at 125-126. Then, it rejected all of the challenges and upheld the Secretarial election that amended the Tribe's constitution and lowered the required blood quantum for membership to one-quarter *Id.* at 126, 129.[1/]

The court found also that it was undisputed that the plaintiffs in that case, Mr. Rosales and Ms. Toggery, were not original members of the Tribe, *id.* at 127,[2/] and that those who voted in the election were members. *Id.* at 124.

The court also rejected the plaintiffs' challenge to the 2001 tribal leadership elections and held that challenges to the earlier elections were moot. *Id.* at 129-130.

---

[1/] The decision also ruled against the plaintiffs' allegation that the 1996 Secretarial election was "illegally staged." The court held that the Department had jurisdiction to hold the election, *id.* at 127 n.9, 128, and that the plaintiffs waived another argument. *Id.* 125, 125 n.8.

[2/] Whether the plaintiffs subsequently became members was not an issue before the Court. *Id.* at 123 n.4. Tribal membership is for the Tribe to determine. *See* Defendants' Motion to Dismiss, Doc. 31 at 9-12.

Finally, the district court explicitly found that the plaintiffs in that case "lack authority to represent the Tribe." *Id.* at 121 n.1, 130 n.15; *see also Rosales v. United States*, 477 F. Supp. 2d 213, 213 n.1 (D.D.C. 2007) (finding that the court recently found that Mr. Rosales and Ms. Toggery lack authority to represent the Tribe); *Rosales v. United States*, 2007 WL 4233060 at *1 (S.D. Cal. 2007) (noting that the District Court for District of Columbia twice held that Mr. Rosales and Ms. Toggery lack authority to bring suit on behalf of the Tribe, and likewise, the court would not include the Tribe as a plaintiff although it had been so named, and finding, *inter alia*, no violation by the United States of the Native American Grave Protection and Repatriation Act), *appeal dismissed*, *Rosales v. United States*, 07-cv-00624 (S.D. Cal.), Doc. 52 (dismissing plaintiffs' appeal to the Ninth Circuit for failure to prosecute pursuant to Ninth Circuit Rule 42-1).

It is also Defendants' position that the 4.66 acre parcel of land at issue in *Rosales v. United States of America*, No. 08-512 L (Judge Lawrence J. Block) ("*Rosales 2008*") is also at issue in this case. In several status reports filed in this case, Plaintiffs asserted that they have usufructuary rights in the 4.66 Acre parcel at issue in *Rosales 2008.* Specifically, in the March 10, 2006 Joint Status Report Requesting Continuance of the Stay, Plaintiffs state that "among" their claims, "Plaintiffs also contend in this action, that Parcel No. 597-080-01, as recorded in San Diego County, California, is held in trust by the United States for the Plaintiffs. . . ." In the same status report, Plaintiffs further contend that "certain non-members of the [Jamul Indian] Village are presently threatening not to maintain the status quo with respect to Parcel No. 597-080-01, and that not to maintain the status quo would violate the Plaintiffs' usufructory property rights in their designated allotment of the Parcel." Doc. 63 at 9-10. Plaintiffs have several times

contended in other status reports that such action would entitle them to a preliminary mandatory injunction to prevent the United States from failing to protect Plaintiffs' "usufructuary rights in this trust property for which the Plaintiffs are the designated beneficiaries." *See, e.g.*, Doc. 59 at 2-3, Doc. 64 at 2-5, Doc. 65 at 2-6, Doc. 67 at 2-4. Plaintiffs have specified that such parcel is 4.66-acres in size, *see, e.g.*, Doc. 59 at 2, Doc. 64 at 3, Doc. 65 at 3, which is the same size as the parcel of land at issue in *Rosales 2008.* Further, as has been made clear in the Complaint filed in *Rosales 2008*, Parcel No. 597-080-01 is also known as Parcel No. 597-080-04. *See Rosales 2008*, Doc. 1 at ¶ 11 ("On December 12, 1978, title to 4.66 acres of land then occupied by the Plaintiffs' families, *Parcel 597-080-01, now known as Parcel 597-080-04...*) (Emphasis added). Thus, both this case and *Rosales 2008* concern the same parcel of land.

Finally, the parcel of land is held in trust for the Jamul Indian Village, and not for the individual plaintiffs. *See Rosales v. United States*, 2007 WL 4233060 at *7 (S.D. Cal. 2007) ("the Court again finds the land [Parcel 597-080-04] is held in trust for the Tribe") (emphasis added).

Counsel for the parties hereto have consulted on the preparation of this Joint Status Report, and counsel for Defendants has electronically signed this document on Plaintiffs' behalf.

As per this Court's May 21, 2007 Order (Doc. 69), the parties will file a Joint Status Report within 30 days after the D.C. Circuit renders its decision on Plaintiffs' latest motion.

Dated this 28th day of August, 2008.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

By: s/ Samantha Klein_________
SAMANTHA KLEIN
Trial Attorney
United States Department of Justice
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0474
Facsimile: (202) 305-0506
samantha.klein@usdoj.gov

Attorneys for Defendants

WEBB & CAREY

s/ Patrick D. Webb_______
PATRICK D. WEBB
Webb & Carey
401 B Street Ste 306
San Diego, Calif. 92101
Tel(619) 236-1650
Fax(619)236-1283

Attorneys for Plaintiffs